Hart, J.
 

 Since this action was filed, all the moneys diverted from the water fund to the general fund of the defendant city have been restored and the order of the court made in the case of
 
 City of Lakewood
 
 v.
 
 Rees, supra,
 
 has been complied with.
 

 This action has, therefore, become moot except as to the question of interest on the funds so diverted while they were held in the general fund. The question remaining to be determined in this action is whether the city is liable to the water fund for such interest.
 

 The same issue here presented was before this court in the case of
 
 City of Lakewood
 
 v.
 
 Rees, supra.
 
 The jurisdiction of the court extended to interest on the fund, if any was due, as it did to the status of the fund itself. If any interest was recoverable it was due and owing up to the. time of the decree of the court. That case, which was an action
 
 in rem,
 
 is
 
 res judicata
 
 not only as to all issues decided, but as to all issues which the court might have decided and as to all persons having an interest in the subject-matter. There was no decree for interest and that determination was final.
 

 With respect to the application of the doctrine of
 
 res judicata,
 
 28 Ohio Jurisprudence, 1068, Section 658, says:
 

 “The right of a taxpayer to bring a suit on behalf of a municipality under Section 4314, General Code, is barred when the question desired to be raised is one
 
 *636
 
 that might properly have been raised and litigated in a previous suit brought by the city solicitor, or by another taxpayer, and carried to a final judgment *
 
 * *■”
 

 The subject-matter of the action in the case of
 
 City of Lakewood
 
 v.
 
 Rees, supra,
 
 was the determination of the status of the fund in question and the judgment of the court in that respect was conclusive. The binding effect of a judgment
 
 in rem
 
 against the
 
 •whole world
 
 prevails as to the
 
 res
 
 or status within the jurisdiction of the court. 31 American Jurisprudence, 102, Section 450.
 

 Having reached this conclusion, this court considers it dispositive of the other questions made in the record. The writ is denied.
 

 Writ denied.
 

 Weygandt, C. J., Turner, Williams, Matthias and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.