GARRETT ET AL., APPELLANTS, *v.* RICHFIELD TOWNSHIP ET AL.,
APPELLEES.

[Cite as Garrett v. Richfield Township (1973),
45 Ohio App. 2d 285.]

(No. 7061—Decided April 11, 1973.)

*Mr. Jerome S. Kalur,* for appellants.
*Mr. Joseph M. Holden,* for appellee Richfield Township.
*Messrs. Jones, Day, Cockley & Reavis* and *Mr. Raymond J. Durn,* for appellee Ohio Sports Center, Inc.

VICTOR, P. J.   The plaintiffs (appellants), Garrett and Rodatt, individually and as representatives of a class of Boston Township residents, filed a Complaint for a declaratory judgment and permanent injunction against the defendants (appellees), Richfield Township, and Ohio Sports Center, Inc., in the Court of Common Pleas of Summit County.

The relief prayed for requests that the use variance granted by Richfield Township to Ohio Sports Center, Inc., to construct a sports arena in a C-1 (retail commercial) zoned area of the township be declared to be an arbitrary and capricious act that will cause irreparable harm to the zoning plan of Boston Township, and the village of Peninsula, and that it is, therefore, null and void.   They also ask-

ed that a permanent injunction be issued barring the use of such land for a sports coliseum.

Richfield Township filed an Answer, admitting the issuance of the variance, and asserted that the prior litigation testing the legality of that grant, in the unreported case of *C. O. P. E., Inc.* v. *Ohio Sports Center, Inc.*, and *Board of Trustees of Richfield Township, et al.* (Summit County Court of Appeals case No. 6866) was "determinative of the present action."

In the instant case, Ohio Sports Center filed a motion for summary judgment, asserting that the matter was res judicata. The motion was supported by the filing of copies of the decision of the Board of Zoning Appeals, and the decisions thereafter on appeal, which upheld the validity of the variance. The motion for summary judgment was granted, and it is from that order that this appeal is taken.

Plaintiffs declare that "the lower court erred in holding that this action is barred by res judicata." They ask that the use variance heretofore granted by the Board of Zoning Appeals (the granting of which was affirmed by the courts) be declared null and void. However, in their brief they state:

"[T]here is absolutely no claim that the variance issued by Richfield Township was illegal. In fact, it has been adjudged lawful under the zoning laws of Ohio and that fact is admitted by the appellants."

The variance was granted after a public hearing, of which legal notice was given to all residents of Summit County, pursuant to R. C. 519.15. At that hearing, "any person" had the right to "appear in person or by attorney" to speak for or against the granting of the variance. Some persons (but, apparently, not the appellants) residing outside of Richfield Township were present at the hearing.

After reviewing the record of the proceedings of the public hearing, and those in the Court of Common Pleas, we said, in our unreported case, *supra*:

"The transcript of the proceedings in this case convinces this court that there is credible evidence * * * that a use variance should be granted from the limitations of the commercial purpose C-1 classification. * * * We find noth-

ing in the evidence to indicate that either the Board, or the Court of Common Pleas, acted arbitrarily, capriciously, or unreasonably in arriving at their respective decisions."

A variance is not personal to the property owner, but runs with the land. This court so held in *State, ex rel. Parker,* v. *Konopka,* 119 Ohio App. 513. See, also, *Fox* v. *Johnson,* 28 Ohio App. 2d 175.

In that respect, a judgment granting a variance is a judgment in rem as that term is used in the law, and, as such, it cannot be collaterally attacked.

"* * * [A]n action *in rem,* is *res judicata* not only as to all issues decided, but as to all issues which the court might have decided and as to all persons having an interest in the subject-matter. * * * The binding effect of a judgment *in rem* against the whole world prevails as to the *res* or status within the jurisdiction of the court. * * *" *The State, ex rel. Brophy,* v. *Lakewood,* 139 Ohio St. 633, at 635, 636.

Plaintiffs say that they have an interest in the subject matter (the land upon which the sports coliseum is to be built). They were legally notified of the public hearing, wherein the use of that land was sought to be changed. The issues they raise in their Complaint could have been raised by them at that hearing, there decided, and thereafter judicially reviewed. Nevertheless, they did not appear to contest the granting of the variance. We conclude that the matter is res judicata, and that the motion for summary judgment was properly granted. See, Restatement of Judgments, Section 2.

We are cognizant of *Borough of Cresskill* v. *Borough of Dumont,* 15 N. J. 238, 104 A. 2d 441, cited in the plaintiffs' brief, and of its affirmance of a lower court, in an opinion written by Chief Justice Vanderbilt. However, in our judgment, the case is distinguishable on the facts.

The judgment is affirmed.

*Judgment affirmed.*

MAHONEY and DOYLE, JJ., concur.

DOYLE, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.