SET PRODUCTS, INC. ET AL., APPELLEES, *v.* BAINBRIDGE TOWNSHIP BOARD OF ZONING APPEALS, APPELLANT.

[Cite as Set Products, Inc. *v.* Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St. 3d 260.]

(No. 86-1592—Decided July 15, 1987.)

*Donald A. Navatsyk,* for appellees.

*Craig S. Albert,* prosecuting attorney, and *Forrest W. Burt,* for appellant.

HOLMES, J. We are faced with two issues in this appeal: whether the doctrine of *res judicata* applies to the decisions of a township board of zoning appeals relating to variances, and if so, whether appellees demonstrated sufficient changed circumstances to avoid application of the doctrine in this case. We hold that *res judicata* is applicable to the grant or denial of a variance pursuant to R.C. 519.14(B), and operated to bar the April 1984 application by appellees, for the reasons which follow.

This court has held that *res judicata,* whether issue preclusion or claim preclusion, applies to those administrative proceedings which are "of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding * * *." *Superior's Brand* v. *Lindley* (1980), 62 Ohio St. 2d 133, 16 O.O. 3d 150, 403 N.E 2d 996, syllabus; *Consumers' Counsel* v. *Pub. Util. Comm.* (1985), 16 Ohio St. 3d 9, 16 OBR 361, 475 N.E. 2d 782. R.C. 519.14 provides, in pertinent part:

"The township board of zoning appeals may:

"* * *

"(B) Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done; * * *"

The grant or denial of a use variance, pursuant to R.C. 519.14(B), is an exercise of quasi-judicial power. *Schomaeker* v. *First Natl. Bank* (1981), 66 Ohio St. 2d 304, 310, 20 O.O. 3d 285, 289, 421 N.E. 2d 530, 536; *A. DiCillo & Sons, Inc.* v. *Bd. of Zoning Appeals* (1952), 158 Ohio St. 302, 305, 49 O.O. 135, 136, 109 N.E. 2d 8, 10. In making its determination of whether enforcement of the resolution will result in unnecessary hardship, a board of zoning appeals must permit the applicant to present evidence in support of such claim. Once granted, the variance runs with the land and, as a judgment *in rem,* cannot be collaterally attacked. *State, ex rel. Brophy,* v. *Lakewood* (1942), 139 Ohio St. 633, 636, 23 O.O. 142, 143, 41 N.E. 2d 856, 857; see *Garrett* v. *Richfield Twp.* (1973), 45 Ohio App. 2d 285, 287, 74 O.O. 2d 408, 409, 344 N.E. 2d 154, 156. Thus in this case, the conditions incorporated into the 1974 variance by court order, including the ten-year limitation on quarrying, could not be excised from the original variance in a subsequent direct action. The court of appeals erred in doing so here.

Of course, appellees were free to seek a modification of the original variance. We adopt as a general principle that *res judicata* does not bar making application for the modification or enlargement of an existing variance, or for lifting conditions previously imposed in connection with the grant of a variance, upon a proper showing of changed circumstances. 4 Anderson, American Law of Zoning (3 Ed. 1986) 154, Section 22.51. In its extensive findings of fact and conclusions of law surrounding the January 1984 variance application, the board of zoning appeals concluded that Best Silica had failed to demonstrate that any additional unnecessary hardship had arisen since the original variance. As the board's decision was not appealed, it became a final judgment on the merits, whether or not erroneous, and was *res judicata* to identical future applications. Cf. *LaBarbera* v. *Batsch* (1967), 10 Ohio St. 2d 106, 39 O.O. 2d 103, 227 N.E. 2d 55.

The April 1984 variance application did not present evidence of sufficient changed circumstances to overcome the previous denial. The board's decision in this regard will not be questioned, absent a showing that the

decision was arbitrary, unreasonable or constituted an abuse of discretion. *Consolidated Mgmt., Inc.* v. *Cleveland* (1983), 6 Ohio St. 3d 238, 6 OBR 307, 452 N.E 2d 1287; *Schomaeker* v. *First Natl. Bank, supra;* 4 Anderson, *supra,* at 162, Section 22.54.

As a preliminary matter, application of *res judicata* here requires an identity of the parties to both applications, *Whitehead* v. *Gen. Tel. Co.* (1969), 20 Ohio St. 2d 108, 113, 49 O.O. 2d 435, 439, 254 N.E. 2d 10, 14; *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493, 12 O.O. 3d 403, 391 N.E. 2d 326. We must look to the substance of the cause of action to determine whether such identity exists amongst H & R Investment, Set Products and Best Silica. *Trautwein, supra.* In an action on a variance, which runs with the land, the landowner and his lessees enjoy the benefits of the variance and succeed to one another's interest in it. See *Columbus* v. *Union Cemetery Assn.* (1976), 45 Ohio St. 2d 47, 74 O.O. 2d 79, 341 N.E. 2d 298. The addition of H & R Investment and Set Products to the application is not a sufficient change in circumstance, as these parties were privies to the original applicant, Best Silica.

Second, the substantive changes in the application were inadequate to defeat the bar of *res judicata*. The use of the property remains constant, *i.e.,* operation of a sand and gravel quarry. The applicants dropped the conditions imposed in 1974 and proposed "new" conditions. Both sets of conditions, however, provided for fencing and security of the premises, times of operation, maintenance and use of access roads, provision of employee parking, and erection and removal of all structures and equipment. Such conditions were substantially identical in scope and effect. The original conditions set forth blasting rules in specific detail, while the proposed conditions merely provided that "operations on the site shall comply with Federal and State EPA regulations." The only obvious difference in the conditions is the length of time during which excavation will continue. A change in the length of time a nonconforming use will exist on the property is not, standing alone, a sufficient substantive difference for approval of a variance. This is especially true where, as here, a request to extend a nonconforming use for a *longer* period than originally contemplated would be particularly offensive to the zoning ordinance. The change in circumstance alleged must relate to the unnecessary hardship itself and not merely affect the length of time that such hardship will continue. We do not decide in this case whether a proposed change in an application which, for instance, increases or decreases the site or building size, or changes a plan for ingress or egress to the property, or changes a use of the property, may ever amount to a change in circumstance justifying the grant of a new application after a previous denial for the same property. See Annotation (1973), 52 A.L.R. 3d 494, at 523-533. We hold that the board of zoning appeals reasonably concluded, within its sound discretion, that the alterations in the April 1984 application failed to demonstrate the requisite change in circumstances.

Finally, appellees argue that the provisions of R.C. Chapter 1514, enacted subsequent to the grant of the original variance in 1974, preempt the conditions of that variance, and thus constitute a change in circumstance. We disagree. The purpose of adopting a comprehensive township zoning plan is to promote the public health, safety, and morals. R.C. 519.02. The purpose of R.C. Chapter 1514 is to ameliorate the effects of surface mining on the natural beauty and environment of Ohio, to the ultimate benefit of public health and safety. *Call* v. *G.M. Sader Excavating & Paving, Inc.* (1980), 68 Ohio App. 2d 41, 22 O.O. 3d 36, 426 N.E. 2d 798. The legislative purposes are distinct, and the statutes together present dual conditions to the operation of a mineral quarry. Cf. *Hulligan* v. *Bd. of Zoning Appeals* (1978), 59 Ohio App. 2d 105, 13 O.O. 3d 162, 392 N.E. 2d 1272. R.C. Chapter 519 empowers a township to regulate surface mining, either by provision in the zoning ordinance, R.C. 519.02, or through the variance procedure, R.C. 519.14(B). R.C. 1514.02 provides that no operator may engage in surface mining without a permit issued by the Chief of the Division of Reclamation. The final and complete approval of the operation stems from the endorsement by both the state and local authorities.

We will not countenance appellees' argument that since a state permit was obtained to mine the subject property to exhaustion, an unnecessary hardship results from their inability to operate under such permit because of the local ordinance. This argument ignores the dual jurisdiction described above, as well as the specific requirement that the state permit applicant insure in his application that future land uses within the site will not conflict with local zoning plans. R.C. 1514.02(A)(9)(b). Neither the enactment of R.C. Chapter 1514, nor the grant of a permit under that chapter amounted to a change of circumstance establishing unnecessary hardship. Any hardship incident to the permit obtained by Set Products was self-created, for which a variance will not lie. *Reed* v. *Rootstown Twp. Bd. of Zoning Appeals* (1984), 9 Ohio St. 3d 54, 9 OBR 260, 458 N.E. 2d 840.

In summary, we conclude that the board of zoning appeals did not abuse its discretion in applying principles of *res judicata* in its denial of appellees' April 1984 variance application. The judgment of the court of appeals is therefore reversed and the judgment of the court of common pleas is reinstated.

*Judgment accordingly.*

MOYER, C.J., SWEENEY, LOCHER and H. BROWN, JJ., concur.

JONES, J., concurs separately.

DOUGLAS, J., concurs in judgment only.

JONES, J., of the Twelfth Appellate District, sitting for WRIGHT, J.

JONES, J., concurring separately. I write separately because I am unwilling to extend the ancient doctrine of *res judicata* to the decisions of a township board of zoning appeals. The majority has determined that any township zoning board decision is equivalent to the decision of a court of record simply because such township zoning board acts in a quasi-judicial capacity. Such holding ignores the fact that many zoning boards are comprised of individuals untrained in the law who conduct their hearings quite informally, frequently without benefit of counsel and generally without a court reporter or an accurate transcript of testimony. Obviously, a zoning board should not be required to repeatedly determine issues previously decided, but zoning regulations can clearly prohibit such abuses of the system by merely providing that a new application having essentially the same purpose as a prior application cannot be filed until after a specific period of time has elapsed.

It is unnecessary to extend the concept of *res judicata* to reverse the decision of the court of appeals. Appellant should prevail in this court simply because appellees were collaterally estopped from challenging the 1972 decision rendered by the same court of appeals. *In re Appeal of Stoneridge Silica Sand & Gravel Co. et al.* (Sept. 30, 1972), Geauga App. No. 526, unreported. Such decision, approving the mining operation, clearly limited the zoning variance to a period of ten years, by the self-imposed limitation of the applicant for the variance. I believe the majority has reached the correct decision, but for the wrong reasons.