HINES et al., Appellants,

v.

KLINE ENGINEERING et al., Appellees.

[Cite as *Hines v. Kline Eng.* (1996), 116 Ohio App.3d 768.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96 CA 37.

Decided Dec. 20, 1996.

---

*Glen E. Hazen, Jr.*, for appellants.

*Paul W. Barrett*, for appellee AmeriFirst Bank.

*David L. Pendry*, for appellees Kline Engineering and Michael Smith.

WOLFF, Judge.

Jeff and Therese Hines ("the Hineses") appeal from a judgment of the Greene County Court of Common Pleas that granted judgment on the pleadings in favor of AmeriFirst Bank, Michael Smith, and Kline Engineering.

The undisputed facts and the procedural history are as follows.

In 1986, AmeriFirst owned real property located at 470 Lamplighter Place in Xenia Township. AmeriFirst sought a zoning variance for the property because it was located in the flood plain of the Oldtown Creek and was subject to flood-plain building restrictions. On September 23, 1986, the Xenia Township Board of Zoning Appeals approved the requested variance. The approval was apparently based upon a survey conducted by Michael Smith of Kline Engineering, which had concluded that the one-hundred-year flood level for the lot was 891 feet above sea level. The variance itself required the structure to be built on the property to be two feet above the flood level, i.e., 893 feet above sea level.

In April 1987, AmeriFirst sold the property at 470 Lamplighter Place to the Hineses. In June 1987, Michael Smith, on behalf of Kline Engineering, certified to the Greene County Building Inspection Department that the finished floor elevation of the Hines residence was 893 feet 1½ inches above sea level, or two feet 1½ inches above the one-hundred-year flood level, i.e., one and one-half inches higher than the elevation required for the variance.

By 1989, the Hineses had apparently become suspicious that the flood level of their lot had been surveyed inaccurately because of flooding near their home. They hired Louis A. Green and Associates ("Green") to complete a flood elevation survey. Green concluded that the one-hundred-year flood level of the lot was 893.2 feet above sea level, rather than 891 feet as Kline Engineering had stated, and that the finished floor elevation of the Hines residence was .31 feet below the one-hundred-year flood level, rather than two feet one and one-half inches above that level.

The Hineses filed a complaint against Smith, Kline Engineering, and Ameri-First on January 10, 1994, seeking damages for negligence and breach of contract. The case was referred for arbitration, wherein the panel found in favor of the Hineses on the negligence claim and awarded $22,500 in damages against Smith and Kline Engineering, and found in favor of AmeriFirst on the breach of contract claim. After the Hineses, Smith, and Kline Engineering filed exceptions, the case was restored to the active trial docket.

The defendants filed motions for summary judgment, which were overruled by the trial court on July 5, 1995. The case was set for trial on November 27, 1995. On that date, the defendants orally moved for judgment on the pleadings.

AmeriFirst subsequently filed a written motion for judgment on the pleadings as well, and the Hineses filed a memorandum in opposition. The trial court granted the motions and dismissed the Hineses' complaint on March 11, 1996. Specifically, the trial court found that the Hineses were attempting to attack the variance, and that such a collateral attack was barred by *res judicata.*

The Hineses assert one assignment of error on appeal:

"The trial court erred to the prejudice of plaintiffs-appellants in granting judgment in favor of defendants-appellees."

The Hineses contend that the trial court improperly relied upon matters outside the pleadings in reaching its decision. They also argue that their claim is not barred by *res judicata* because the issues raised in the complaint were not before the board of zoning appeals when it granted the variance.

AmeriFirst attached to its motion for judgment on the pleadings its contract with the Hineses, the Xenia Township Zoning Resolution relating to 470 Lamplighter Place, and Green's report. It is not apparent whether the trial court considered these documents in reaching its decision. These documents were outside the pleadings, and, therefore, we note that the trial court could not have properly considered them in ruling on AmeriFirst's motion for judgment on the pleadings. Of greater consequence, however, is the trial court's conclusion that the Hineses' claim was barred by the doctrine of *res judicata.*

The doctrine of *res judicata* bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action in which a valid, final judgment has been rendered upon the merits. *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus. *Res judicata* is applicable to the grant or denial of a variance by an administrative agency. *Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263, 31 OBR 463, 465, 510 N.E.2d 373, 376. We are confronted with the question of whether the trial court properly concluded that an attack on the variance itself was at the heart of the Hineses' claims against Smith, Kline Engineering, and AmeriFirst, so that *res judicata* bars the claims.

The trial court concluded that the Hineses' complaint collaterally attacked the variance, and that such an attack was barred by *res judicata.* In our view, however, the conclusion is not borne out by the Hineses' complaint. The Hineses sued Smith and Kline Engineering for negligence in erroneously representing to the board of zoning appeals that the flood level was 891 feet above sea level and thereafter certifying that a foundation built at 893 feet 1½ inches above sea level was more than two feet above the flood level and thus in compliance with zoning requirements. The Hineses sued AmeriFirst for breach of its warranty of

marketable title in that the bank represented to the Hineses that the property complied with zoning ordinances and was suitable for a residence. Thus, the Hineses' complaint did not attack the board of zoning appeals' decision to grant a variance; rather, it sought damages for the errors of Smith and Kline Engineering that resulted in a variance that permitted the foundation of the structure on their property to be built below the actual one-hundred-year flood level, and for the bank's breach of warranty of marketable title. These claims did not constitute an attack on the variance itself, and thus are not barred by the doctrine of *res judicata.*

The assignment of error is sustained.

The judgment of the trial court will be reversed, and the matter remanded for further proceedings.

*Judgment reversed
and cause remanded.*

BROGAN, P.J., and FREDERICK N. YOUNG, J., concur.