DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Sophie M. Leuchtag appeals the judgment of the Summit County Court of Common Pleas affirming the City of Akron's decision denying Leuchtag's request for a conditional use permit for property owned by Leuchtag. We affirm.
Leuchtag owns property located at 1535 West Market Street in Akron, Ohio. This property is on the northwest corner of West Market Street and Harcourt Drive. The area in which the property is located is currently zoned "two-family residential." However, the Land Use and Development Guide recommends this frontage for single-family use and, except for seven parcels which front West Market Street, the neighborhood north of West Market Street is actually zoned single-family residential. There is also a legal non-conforming dentist's office on the northeast corner of West Market Street and Harcourt Drive which was "grandfathered in."[1] The current zoning code does not permit the location of a professional business within a residential structure. Dr. Hofacker holds an option to purchase the subject property and wishes to operate his podiatry practice on the first floor of the residence and live on the second floor. Leuchtag applied to the Akron Planning Commission for a conditional use permit to allow such use.
The Planning Commission disapproved the petition for a conditional use permit and submitted its recommendation to deny the request to Akron City Council. On December 19, 1994, a public hearing was held before Akron City Council. On January 30, 1995, Akron City Council denied Leuchtag's petition for a conditional use permit. Leuchtag appealed Akron City Council's decision to the court of common pleas.
The trial court found the following pertinent facts: The subject property was acquired by a Dr. Leon Moldavsky in 1960. Dr. Moldavsky made alterations to the property so that it could be used as a medical office. Leuchtag is Dr. Moldavsky's sister. Dr. Moldavsky resided at the property until his death in 1970. The property has been vacant since Dr. Moldavsky's death.
On February 3, 1970, Akron City Council repealed the city code provision which permitted professional offices within occupied residences. Prior to the present action, both Dr. Modalvsky and Leuchtag unsuccessfully sought a conditional use permit or rezoning so that the structure could be used for medical offices only (without being an occupied residence). The structure has a living room, dining room, kitchen, three bedrooms and two bathrooms and can be used as a family residence. The properties adjacent to the property at issue are residential.
Leuchtag moved the trial court for permission to supplement the record with evidence of Akron Councilman John Frank's motives for opposing Leuchtag's petition.[2] The trial court denied this motion. However, the parties agreed to supplement the record with a memorandum that had been submitted to Akron City Council. The trial court affirmed the decision of Akron City Council denying Leuchtag's petition. Leuchtag appeals, assigning two errors.
 I.
THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR LEAVE TO SUBMIT ADDITIONAL EVIDENCE AND CONDUCT DISCOVERY.
R.C. 2506.01 provides for appeals from decisions of agencies of political subdivisions to the court of common pleas. R.C.2506.03 governs the hearing in such an appeal and provides in part:
 (A) The hearing of such an appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised code unless it appears, on the face of the transcript or by an affidavit filed by the appellant, that one of the following applies:
 (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant;
 (2) The appellant was not permitted to appear and be heard in person, or by his attorney, in opposition to the final order, adjudication, or decision appealed from, and to do any of the following:
(a) Present his position, arguments, and contentions;
 (b) Offer and examine witnesses and present evidence in support;
 (c) Cross-examine witnesses purporting to refute his position, arguments, and contentions;
 (d) Offer evidence to refute evidence and testimony offered in opposition to his position, arguments, and contentions;
 (e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
(3) The testimony adduced was not given under oath;
 (4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;
 (5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.
 If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party.
An affidavit of Leuchtag's attorney, submitted with Leuchtag's request to supplement the record, states that "additional evidence is necessary" due to representations that were made during public hearings before Akron City Council and the Planning Commission, the support for which "referenced facts and information and data" were never submitted. The affidavit also stated that "comments were made by council members regarding issues concerned with Petition for Conditional Use the underlying support for which was never produced" and that "diligent efforts" were made by Leuchtag to obtain such information, but such efforts were "to no avail."
From the transcripts of the hearings before the Planning Commission and Akron City Council, it does not appear that any of the conditions set forth in R.C. 2506.03 have been met. The exceptions enumerated in R.C. 2506.03(A)(1) through (5), "`generally represent instances where the transcript of the administrative proceedings is incomplete, either because it does not contain all the evidence which actually was presented or because the appealing party's right to be heard and to present evidence was infringed in some manner.'" Comparda v. HousingAppeals Bd. (July 23, 1997), Summit App. No. 18220, unreported, at 7, quoting Schoell v. Shelboy (1973), 34 Ohio App.2d 168, 172.
Leuchtag's attorney's affidavit does not allege that any of those conditions or circumstances exist. The trial court did not err in disallowing supplemental evidence. Leuchtag's first assignment of error is overruled.
 II.
THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF AKRON CITY COUNCIL DENYING THE PETITION FOR CONDITIONAL USE.
 A. Akron City Code 153.077
Akron City Code 153.077 sets forth the general standards applicable to all conditional uses and provides:
 The planning staff, the City Planning Commission, and Council, when studying a petition for a conditional use, shall review the particular facts and circumstances of each proposed use in terms of the following standards, and if taking favorable action on the proposal, shall find adequate evidence that the use:
 (A) Will be harmonious with and in accordance with the general objectives of the city's comprehensive plan;
 (B) Will be designed, constructed, operated,, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and will not change the essential character of the same area;
 (C) Will not be hazardous or disturbing to existing or future neighboring uses;
 (D) Will be served adequately by essential public facilities such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewers and schools; or that the person or agency responsible for the establishment of the proposed use shall be able to provide adequately any such services;
 (E) Will not create excessive additional requirements at public cost for public facilities and services, and will not be detrimental to the economic welfare of the community;
 (F) Will not involve uses, activities, processes, materials, equipment, and conditions of operation that will be detrimental to any person or property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes, glare, or odors;
 (G) Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic surrounding public streets or roads;
 (H) Will not result in the destruction, loss, or damage of a natural, scenic, or historic feature of major importance.
The purpose of a comprehensive zoning plan is the promotion of public health, safety, and morals. Set Products, Inc. v.Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260,265. R.C. 2506.04 sets forth the standard that the trial court must use when reviewing an agency decision. If the trial court finds that the decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by a preponderance of substantial, reliable, and probative evidence on the whole record," it may then "reverse, vacate, or modify" the agency decision. Id.
A political subdivision's decision in a zoning matter is presumed to be valid. C. Miller Chevrolet, Inc. v. WilloughbyHills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus. If there is in the record a preponderance of reliable, probative, and substantial evidence to support the administrative decision, the common pleas court must affirm. Dudukovich v. Lorain Metro.Housing Auth. (1979), 58 Ohio St.2d 202, 207. The trial court may not substitute its judgment for that of the agency. Id.
Our review is even more limited. We must affirm the decision of the trial court, unless we find, as a matter of law, that the decision of the trial court is not supported by a preponderance of reliable, probative, and substantial evidence. Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34. Our scope of review is essentially limited to determining whether the trial court abused its discretion in affirming Akron City Council's decision. In reGhali (1992), 83 Ohio App.3d 460, 465-66. "Abuse of discretion" is more than an error of law or judgment; it implies a decision that is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. In other words, a trial court abuses its discretion when its decision is without reasonable basis or is clearly wrong. In re Qualls v. Civ. Serv.Comm. (June 18, 1997), Summit App. No. 17977, unreported, at 3-4. The Planning Commission, in order to allow the conditional use of a subject property, must have evidence that the proposed use meets Akron City Code 153.077 (A) through (H). In order for the trial court to support Akron City Council's denial of the petition for a conditional use permit, there must have been in the record a preponderance of reliable, probative, and substantial evidence that at least one criterion listed in the statute is not present.
Akron City Code 153.077(A) states that when granting a request for a conditional use permit, the Planning Commission and Council shall find that the proposed use will be harmonious with the general objectives of the city's comprehensive plan. A map of the area indicates that the area southwest of West Market Street is zoned primarily "retail" and "limited business." The area northwest of West Market Street, in which Leuchtag's property is located, is zoned exclusively residential. The line dividing the commercial and residential areas is apparently in the middle of West Market Street. Commercial districts must start and end somewhere. Here, the commercial district ends south of West Market Street. A glance at a map of these districts reveals that the city's comprehensive zoning plan calls for commercial districts to be separated from residential districts. The record supports a conclusion that the proposed use of Leuchtag's property will not be harmonious with the city's comprehensive plan.
Akron City Code 153.077(C) states that when granting a request for a conditional use permit, the Planning Commission and Council shall find that the proposed use will not be disturbing to existing uses. Residents in the immediate neighborhood, referred to as "Castle Park," spoke out both for and against the proposed conditional use of Leuchtag's property as a podiatrist's office. One opponent emphasized that Castle Park is "residential neighborhood and a neighborhood and a residential neighborhood only" and that "commercial intrusion can only reduce the morale of the neighborhood." Another resident stated that he did not support business decisions made at the expense of a community's quality of life and granting Leuchtag's petition would "offer little to the community good." This same resident urged Akron City Council to deny the petition in order to "preserve a safe and gracious urban residential climate." Similar statements urging Akron City Council to preserve the residential quality of their neighborhood were made by several other residents of the area. These residents are neighboring existing users of this residential area and clearly would be disturbed by any commercial encroachment into Castle Park. The trial court did not abuse its discretion when finding that there existed in the record a preponderance of evidence that the proposed use of Leuchtag's property as a podiatrist's office would disturb existing neighboring uses of property in that area. In addition, the record contains several letters in opposition to the proposed conditional use permit, postcard "ballots," and petitions in support of and in opposition to the conditional use permit. The number of the "ballots" in opposition to the petition greatly outnumber those in favor. Leuchtag argues she conducted a survey on the issue, and that her survey indicates strong support for the conditional use. Nevertheless, the existence of conflicting evidence in the record does not mandate reversal.
 In determining whether the agency's decision is supported by reliable, probative, and substantial evidence, the common pleas court is required to give "due deference to administrative resolution of evidentiary conflicts." Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 111.
McMaster v. Housing Appeals Bd. (Nov. 26, 1997), Summit App. No. 18226, unreported, at 9.
 B. Constitutionality
Leuchtag argues that the application of Akron City Code 153.077 to her property violates the Fifth Amendment to the United States Constitution, which provides that private property shall not be taken for public use without just compensation. This provision is applicable to the states through theFourteenth Amendment. Keystone Bituminous Coal Assn. v. DeBenedictis (1987),480 U.S. 470, 481, 94 L.Ed.2d 472, 486, fn. 10. Zoning regulations that effectively make landowner's property valueless without any corresponding public benefit can constitute a taking, crossing the line between regulation and confiscation. Schreinerv. Russell Twp. Bd. of Trustees (1990), 60 Ohio App.3d 152, 155. However, the fact that the property has been rendered less valuable by zoning, taken alone, is insufficient. Ketchel v.Bainbridge Twp. (1990), 52 Ohio St.3d 239, 243, certiorari denied (1991), 498 U.S. 1120, 112 L.Ed.2d 1178. "It must be shown that the `permitted uses are not economically feasible, or the regulation only permits uses which are highly improbable or practically impossible under the circumstances.'" Id. at 243-244, quoting Valley Auto Lease of Chagrin Falls v. Auburn Twp. Bd. ofZoning Appeals (1988), 38 Ohio St.3d 184, 186.
The Supreme Court of Ohio reviewed the standard for reviewing the constitutionality of zoning provisions in Goldberg Cos. v.Richmond Hts. City Council (1998), 81 Ohio St.3d 207. In its decision, the Supreme Court reiterated two propositions with respect to zoning ordinances: 1) zoning ordinances are presumed constitutional; and 2) the party challenging the constitutionality of a zoning ordinance bears the burden of proving the unconstitutionality of the zoning ordinance beyond fair debate.Id. at 209.
 There is a difference between a constitutional challenge to an ordinance applied to a parcel of land and a constitutional challenge that also alleges that a taking of property has occurred. The first seeks only a prohibition against the application of the ordinance to the property, whereas with the second, the landowner seeks compensation for a taking of the affected property. Although both types of cases allege the unconstitutionality of a zoning ordinance, in order for the landowner to prove a taking, he or she must prove that the application of the ordinance has infringed upon the landowner's rights to the point that there is no economically viable use of the land[.]"
Id. at 210. If the zoning itself is determined to be constitutional, a court may then consider whether the zoning, as applied to the particular parcel at issue, constitutes a taking so as to entitle the owner to compensation. Id. at 213.
In the case at bar, Leuchtag does not challenge the constitutionality of the zoning ordinance itself, but Akron City Council's application of the "conditional use permit" code section to her property. Leuchtag alleges both that such application is unreasonable and arbitrary and that the application prohibited all viable economic uses of the property. Therefore, our inquiry must be two-fold: 1) was the application of Akron City Code "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare"; and, even if it is not; 2) does the application of the code section deprive Leuchtag of all viable economic use of her property? See id.
 1.
Was the application of Akron City Code clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare? Zoning legislation is presumptively valid. Schreiner v. Russell Twp. Bd. of Trustees
(1990), 60 Ohio App.3d 152, 154, citing Pepper Pike v. Landskroner
(1977), 53 Ohio App.2d 63.
 "The power of a municipality to establish zones, to classify property, to control traffic and to determine land use policy is a legislative function which will not be interfered with by the courts, unless such power is exercised in an arbitrary, confiscatory or unreasonable manner as to be in violation of constitutional guaranties."
Schreiner, supra, at 154, quoting Willot v. Beachwood (1964),175 Ohio St. 557. Where the legislative body of a political subdivision determines what land use is consistent with the general welfare of a community, or whether it is detrimental or beneficial to good community planning, "judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable." Willot, supra, at 560.
The area in which Leuchtag's property is located is zoned residential. Disallowing a business in a residential area is directly related to preserving the area as a residential area. Therefore, the denial of Leuchtag's request for conditional use permit to allow the establishment of a podiatry practice on her property is not arbitrary, capricious, or unreasonable and therefore not unconstitutional on that basis.
 2.
Does the application of the code section deprive Leuchtag of all viable economic use of her property? There were statements made before Akron City Council that the property was difficult to sell as a residence and that there was an assumption by potential buyers that it was commercial property, perhaps to be used by a doctor or attorney. There was also testimony that it would cost a great deal to restore the property to a solely residential state due to the paved parking area and the conversion of part of the first floor to examination rooms. There was no evidence, however, that all economically viable uses of the property had been denied by Akron City Council's refusal to grant Leuchtag's request for a conditional use permit. The structure has a basement and two floors. The first floor has a kitchen, living room, dining room and bathroom. There are three bedrooms and a bathroom on the second floor. There is also a front porch and rear stoop. The structure has over 1,900 square feet of living space and the land itself is approximately 20,000 square feet. We also note that the parcel, which, fronts West Market Street, is actually zoned "two-family residential." Thus, there appear to be two economically viable uses of the subject property which are not precluded by Akron City Council's refusal to grant Leuchtag the requested conditional use permit: 1) use as a single-family residence; and 2) use as a two-family residence. The possibility that Leuchtag may have to invest some money in the property does not render the property "economically nonviable" as zoned. Therefore, the application of Akron City Code 153.077 to Leuchtag's request for a conditional use permit does not constitute a taking.
Leuchtag's second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Please Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
DICKINSON, J.
SLABY, J. CONCUR.
[1] Prior to 1970, Akron's zoning code allowed a professional business to be located in a residence.
[2] John Frank represented Ward 8, in which Leuchtag's property is located.