OPINION
{¶ 1} Norwood Druck appeals from a judgment of the Montgomery County Common Pleas Court finding his administrative claim for workers' compensation benefits barred by the doctrine of res judicata.
 {¶ 2} In his sole assignment of error, Druck contends that the trial court erred in entering summary judgment in favor of his employer, appellee Dynalectric Company of Ohio, on the basis of res judicata.[1]
 {¶ 3} The record reflects that Druck originally filed his administrative claim for workers' compensation benefits on June 2, 2000. In connection with that filing, which concerned an alleged workplace injury to his shoulder, he submitted office notes from his treating physician, Jeffrey Satchwell. A representative of the Bureau of Workers' Compensation ("BWC") subsequently arranged for another physician, John Scharf, to review the documentation submitted by Druck. Thereafter, the BWC representative issued a June 30, 2000, order denying Druck's claim. The order included the following explanation for the BWC's decision:
 {¶ 4} "The employee has not met his or her burden of proof. The requested information has not been provided.
 {¶ 5} "The Administrator further finds the injured worker is not eligible for temporary total disability compensation as it is not supported by any medical documentation.
 {¶ 6} "This decision is based on:
 {¶ 7} "[1)] Lack of complete medical documentation but what was received was reviewed on 6/27/2000 by John R. Scharf, M.D. and found to be indefinite to suggest any allowance. 2) Lack of claim form/accident report and no evidence of an industrial injury."
 {¶ 8} Druck failed to appeal the foregoing order to the Industrial Commission within fourteen days as allowed by Ohio law. Instead, he filed a motion more than one year later on September 14, 2001, asking to have his initial claim reprocessed with the consideration of additional medical evidence in the form of a September 25, 2000, MRI examination report. Although this motion concerned the same shoulder injury previously at issue, Druck asked the BWC to reprocess the claim in accordance with State ex rel. Greene v. Conrad (Aug. 21, 1997), Franklin App. No. 96APE12-1780. In that case, the Tenth District Court of Appeals identified certain circumstances under which res judicata does not bar a second application for workers' compensation benefits even though the injury at issue was the subject of a prior unsuccessful application for benefits.
 {¶ 9} A district hearing officer subsequently issued a November 5, 2001, order refusing to reconsider the prior denial of Druck's claim. Thereafter, a staff hearing officer vacated the district hearing officer's order. In a December 22, 2001, decision, the staff hearing officer reasoned as follows:
 {¶ 10} "The Staff Hearing Officer finds that the Industrial Commission has continuing jurisdiction to reconsider the allowance of this claim pursuant to the Linda Greene case. The claim was initially denied by the Bureau of Workers' Compensation order dated 6/30/2000 for the stated reason that the `employee has not met his burden of proof. The requested information has not been provided.' The Bureau of Workers' Compensation relied on a `lack of complete medical documentation' and a physician review by Dr. Scharf in placing its order. Dr. Scharf stated in his review that there was no FROI-1, accident report, history or physical exam or EMG to make any `allowance.' Therefore, due to insufficient medical evidence, Dr. Scharf recommended that the claim be denied. The Staff Hearing Officer finds that under these facts, the Bureau of Workers' Compensation's denial of the claim is not binding in the absence of an appeal pursuant to Greene.
 {¶ 11} "The Staff Hearing Officer further finds that the claimant sustained an injury in the course of and arising out of his employment on 05/12/2000 resulting in the condition `rotator cuff tendinopathy, right shoulder.'
 {¶ 12} "Therefore this claim is allowed for that condition."
 {¶ 13} After the Industrial Commission declined to hear an appeal from the staff hearing officer's order, Dynalectric filed a notice of appeal in the trial court pursuant to R.C. § 4123.512. The trial court subsequently sustained a motion for summary judgment filed by Dynalectric. In a November 22, 2002, decision, order and entry, the trial court distinguished the Tenth District's opinion in Greene and found that the doctrine of res judicata applied to the BWC's June 30, 2000, order denying Druck's claim for benefits. As a result, the trial court held that Druck was not entitled to workers' compensation benefits in connection with his shoulder injury. Druck filed a timely appeal to this court, arguing that the trial court erred in finding res judicata applicable.
 {¶ 14} We begin our own analysis with a review of the Tenth District's opinion in Greene, which underlies the dispute in this case. In Greene, the Tenth District recognized that "[t]he doctrine of res judicata is applicable to the orders of administrative agencies, but only when the order is the product of administrative proceedings that are `of a judicial nature and where the parties have had an ample opportunity to litigate the issues involved in the proceeding.'" Greene, supra, quotingSet Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals (1987),31 Ohio St.3d 260, 263. The Tenth District also observed that "the doctrine of res judicata does not apply to the ministerial acts of administrative agencies." Id. at *4. After reviewing the role of BWC claims examiners, who make the initial decision to allow or deny a workers' compensation claim, the Greene court questioned whether such a decision ever could be considered more than a ministerial act and given preclusive effect under the doctrine of res judicata.[2] The Tenth District found no need to resolve this broad question, however, because the BWC's processing of Greene's application plainly was a ministerial act rather than adjudicative in nature.
 {¶ 15} In reaching the foregoing conclusion, the Greene court noted that the claimant had failed to submit any medical information to the BWC in support of her first application for benefits. As a result, the BWC had denied the application for the stated reason that the claimant had "not provided all the information requested by the BWC to establish a claim." Based on those facts, the Tenth District concluded that the BWC's processing of the first claim was nothing more than a ministerial act. As a result, res judicata did not preclude the claimant in Greene from filing a second application with supporting medical records.
 {¶ 16} Following the Tenth District's decision, the Industrial Commission issued resolution 98-1-02. Therein, the Commission established a uniform policy for the application of Greene. In relevant part, the resolution provides:
 {¶ 17} "[A] Hearing Officer of the Industrial Commission shall apply Linda Greene only to claims that present all the elements of the following fact pattern:
 {¶ 18} "(1) An order is issued by the Bureau of Workers' Compensation under Section 4123.511(B) of the Ohio Revised Code on the issue of the original allowance of the claim which denied the original allowance of the claim for the reason that the claimant did not provide all the information requested by the Bureau of Workers' Compensation to establish a claim or for the reason that there was insufficient information submitted to establish a claim.
 {¶ 19} "(2) No appeal is filed from the Bureau of Workers' Compensation order denying the allowance of claim.
 {¶ 20} "(3) A second claim application is filed for the same incident/accident.
 {¶ 21} "(4) The Bureau of Workers' Compensation issues an order denying the second claim application, or dismisses the second claim application, or refers the second claim application to a District Hearing Officer as a contested claims matter.
 {¶ 22} "BE IT FURTHER RESOLVED that should a claim involving the aforementioned fact pattern be set for hearing before a Hearing Officer, the Hearing Officer shall proceed to adjudicate the merits of the issue of allowance of the claim on the second claim application."
 {¶ 23} In the present case, the trial court found that res judicata applied to the initial BWC order denying Druck's application for benefits. In reaching this conclusion, the trial court noted that Druck had submitted some medical information to support his claim, to wit: office notes from his treating physician, Jeffrey Satchwell. Given that Druck had submitted at least some medical information, which was reviewed at the BWC's request by Dr. Scharf, the trial court reasoned that the BWC had adjudicated his application on the merits. As Druck failed to appeal the claim denial within fourteen days as provided by Ohio law, the trial court concluded that the adjudication of the claim had res judicata effect. The trial court distinguished Greene on the basis that the claimant therein had submitted no medical information with her initial application, whereas Druck had submitted Dr. Satchwell's office notes. Although a denial based on no medical documentation would be a ministerial act, the trial court reasoned that the presence of some medical evidence enabled the BWC to adjudicate Druck's claim on the merits.
 {¶ 24} On appeal, the parties dispute whether Druck's submission of Dr. Satchwell's office notes in connection with his application for workers' compensation benefits takes this case outside the scope ofGreene and the Industrial Commission resolution quoted above. For his part, Druck argues that his application lacked sufficient medical information to enable the BWC to adjudicate his claim on the merits. On the other hand, Dynalectric argues that Greene and the Industrial Commission resolution apply only when a claimant submits no medical documentation to support a claim. In such a case, Dynalectric reasons, the BWC's processing of the claim is ministerial, but if any evidence is submitted with a claim, then the BWC's order is entitled to res judicata effect.
 {¶ 25} Having reviewed the foregoing arguments, we find the doctrine of res judicata inapplicable in the present case but primarily for a reason other than the one advanced by Druck. Under that doctrine, "[a] valid, final judgment rendered upon the merits bars all subsequentactions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. ParkmanTwp., 73 Ohio St.3d 379, 653, 1995-Ohio-331, at the syllabus (emphasis added). As the foregoing language demonstrates, the application of res judicata necessarily requires the existence of at least two actions: "the previous action" and a "subsequent" action.
 {¶ 26} In the present case, the record reveals only one workers' compensation action filed by Druck, to wit: his application for workers' compensation benefits filed on June 2, 2000, bearing claim number 00-416560. The BWC denied this application on June 30, 2000. As noted above, Druck did not appeal this determination within fourteen days as required by Ohio law. Nor did he file a subsequent application with the BWC for workers' compensation benefits. Instead, on September 14, 2001, he filed what was essentially a motion for reconsideration of his original application bearing the same claim number as that original application.[3] Therein, he cited Greene and requested reprocessing of the previously denied claim with the inclusion of additional medical documentation.
 {¶ 27} In ruling on Druck's motion, the staff hearing officer found that the Industrial Commission had "continuing jurisdiction to reconsider the allowance of this claim pursuant to the Linda Greene
case."[4] We note, however, that Greene had nothing to do with the Industrial Commission's "continuing jurisdiction" over an application for workers' compensation benefits. The Greene court addressed a different issue, namely the res judicata effect of a prior BWC denial of an application for benefits when a claimant files a subsequent application based on the same injury. Thus, the issue in Greene was not the Industrial Commission's continuing jurisdiction over a single application because the claimant in that case had filed two separate applications. Conversely, the issue in the present case is not the res judicata effect of the BWC's denial of a prior application on a subsequent application because Druck filed only one application.
 {¶ 28} Given that the issue in the present case is whether the Industrial Commission had continuing jurisdiction under R.C. § 4123.52
to reconsider the prior denial of Druck's one-and-only application for workers' compensation benefits, we find the parties' and the trial court's discussion of Greene and the doctrine of res judicata to be of no assistance. Although the staff hearing officer also cited Greene for the proposition that the Industrial Commission had "continuing jurisdiction" to reconsider Druck's claim, the Tenth District's opinion in that case contains no discussion of continuing jurisdiction under R.C. § 4123.52. In fact, the Greene court expressly distinguished the concepts of jurisdiction and res judicata, noting that the issue before it was not whether the administrative hearing officers or the common pleas court "had jurisdiction over the second application but whether the BWC's denial of the first application is binding under the doctrine of res judicata." Greene, supra, at *6.
 {¶ 29} In our view, the crucial issue in the present case is whether the Industrial Commission had continuing jurisdiction to entertain Druck's motion to reconsider his one-and-only application for workers' compensation benefits. The staff hearing officer answered this question in the affirmative but relied on Greene, which addressed the doctrine of res judicata rather than continuing jurisdiction. For the reasons set forth above, we conclude that Greene does not address the issue of the Industrial Commission's continuing jurisdiction to reconsider Druck's sole application for workers' compensation benefits.[5] As neither the trial court nor the parties have addressed this issue, we will leave it for resolution in the first instance on remand.
 {¶ 30} Based on the reasoning and citation of authority set forth above, the judgment of the Montgomery County Common Pleas Court is hereby reversed, and this cause is remanded for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
WOLFF, J., and YOUNG, J., concur.
[1] In his assignment of error, Druck also contends the trial court erred in overruling his motion for summary judgment as to his eligibility for workers' compensation benefits. It is well settled however, that a party ordinarily cannot appeal from an order overruling a summary judgment motion. Stevens v. Ackman, 91 Ohio St.3d 182, 186, 2001-Ohio-249;Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. As a result, we will consider only whether the trial court erred in sustaining the summary judgment motion filed by Dynalectric on the basis that Druck's claim was barred by res judicata. If so, we will remand the cause to the trial court for further proceedings on Druck's claim for workers' compensation benefits.
[2] The Greene court noted that BWC claims examiners are charged with "reviewing and processing" claims for benefits and "investigating the facts," but they no longer conduct adjudicative hearings. The Greene
court also recognized that, in a different context, the Ohio Supreme Court actually has referred to the power of the BWC as "ministerial," noting that "[t]he bureau gives way to the [industrial] commission when a party contests an award, necessitating a weighing of evidence and a judgment." Greene, supra, quoting State ex rel. Crabtree v. Ohio Bur. ofWorkers' Comp., 71 Ohio St.3d 504, 507-508, 1994-Ohio-474.
[3] Druck's motion actually contains a typographical error with regard to the claim number. It is apparent, however, that his motion pertains to his original application and is not a new application for workers' compensation benefits. Indeed, in all subsequent orders, the district hearing officer, staff hearing officer, and Industrial Commission cited the original claim number, 00-416560, when ruling on Druck's motion.
[4] Under R.C. § 4123.52, the Industrial Commission in certain circumstances has continuing jurisdiction to reconsider or modify a prior ruling with regard to a claim.
[5] We recognize, of course, that Druck could have filed a second application for workers' compensation benefits rather than a motion for reconsideration, thereby properly raising the res judicata issue, and presumably still could do so. The fact remains, however, that he did not file a second application. Although we may be tempted to address the merits of the parties' argument on appeal and to provide our own interpretation of Greene and Industrial Commission resolution 98-1-02, we decline to do so given that the res judicata question presented inGreene is not before us. Even if res judicata would not preclude a subsequent benefits application from Druck, it does not necessarily follow that the Industrial Commission had continuing jurisdiction to consider the one application that he did file. Resolution of this issue requires more than an analysis of the doctrine of res judicata.