HULLIGAN ET AL., APPELLANTS, *v.* COLUMBIA TOWNSHIP
BOARD OF ZONING APPEALS, APPELLEES.

(No. 2583—Decided February 8, 1978.)

*Mr. Jerome S. Kalur,* for appellants.
*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr.
Robert D. Gary,* for appellees.

106

BELL, J. Appellants, Hulligan and Cross, are the owners of certain real property in Columbia Township, Lorain County, which they desired to use as a sanitary landfill site. They sought (1) a "permit to install" such a facility from the Ohio Environmental Protection Agency (EPA) and (2) local zoning approval. A brief history of their attempts to obtain the right to so use the property follows.

On March 19, 1975, EPA granted the requested "permit to install" the landfill operation. This decision was appealed to and overturned by the Environmental Board of Review (EBR) on January 13, 1976. A further appeal to the Tenth District Court of Appeals resulted in reversal of the EBR opinion. (*Columbia Township Trustee* v. *Williams*, unreported, Nos. 76-AP-109, 76-AP-153, decided August 5, 1976.) The appellate court held that EBR had erred in basing certain factual findings on either improper or insufficient evidence received at a *de novo* hearing before the board. The court remanded the cause for further proceedings, and stated that the Director of EPA should (1) consider local zoning laws when issuing a final permit to install and (2) make such permit conditional upon the acquisition of local zoning approval.

Appellants then applied for a conditional zoning certificate, but the Columbia Township zoning inspector denied their application on October 2, 1976. An appeal from that decision was filed with the township's board of zoning appeals. On December 1, 1976, the board denied the appeal and also denied a use variance requested by appellants. Appellants then appealed their cause to the Common Pleas Court of Lorain County, pursuant to R. C. Chapter 2506. That court sustained the board of zoning appeals and that judgment is before us now for review.

*Discussion*

Appellants' first assignment of error claims that the trial court's judgment was improper on jurisdictional grounds. Appellants focus their discussion upon the intent and relationship between the proceedings before EPA, the hearings held on the zoning-variance questions and the subsequent judgment of the Common Pleas Court.

Initially, appellants contend that the trial court failed to consider certain salient issues in reaching its judgment. They argue that the court should have drawn a clearer distinction between the function and jurisdiction of both EPA and the local zoning authorities. This matter of distinction between the two bodies involves the questions of exclusivity of jurisdiction and scope of review. Such arguments presuppose a conflict of authority between the two bodies regarding, here, the permissive use of solid waste disposal sites.

The authority of the EPA and the statutory authority of the board have a single source of authority, namely the legislative bodies of this state. *North Sanitary Landfill* v. *Bd. of County Commrs.* (1976), 52 Ohio App. 2d 167, 172, states:

"* * * When different laws are adopted by a common authority, the initial presumption is that each relates to a different matter and that they are not incompatible or inconsistent. * * *"

R. C. 519.02 states that the purpose of the board of township trustees in adopting a comprehensive zoning plan is to protect the public health, safety and morals; whereas, R. C. 3734.02 prescribes that the Director of EPA regulate such sites for solid waste disposal to eliminate the possibility of nuisance, water pollution or a health hazard. With these aims in mind, the court in *Columbia Township* v. *Williams, supra,* at page 11, held that the purpose of township zoning is inherently different than that of the EPA.

"Pursuant to Chapter 519, local zoning authority has been extended to townships in Ohio. Such is a grant of police power for local determinations concerned with land use and planning, and the systematic and orderly development of specific areas, or zones, for various uses and utility, such as residential, commercial or industrial uses. All such exercise of this police power is for the purpose of insuring the health, welfare and safety of the local communities.

"Such zoning laws do not have inherently within them provisions or guidelines for the establishment of clean air

or water quality standards, or standards for the treatment of our waste waters, or standards for the disposal and the handling of our solid wastes. In contrast, the goals of the EPA, and the determinations as made by the director thereof toward the accomplishments of such goals, are to conserve, protect and enhance the environmental quality of the state in all respects including air and water quality, waste treatment procedures and standards, and solid waste handling and disposal.''

In an additional discussion of this same matter, the Tenth District Court of Appeals in *City of Garfield Heights* v. *Williams,* unreported, Nos. 77 AP 449 through 484, decided September 29, 1977 held, at pages 12 and 13:

"* * * the Environmental Protection Agency does not have jurisdiction to change or affect local zoning by the issuance of a permit. Instead the permitted use continues to be subject to local zoning. However, the director has the prerogative of granting a permit that is final so far as environmental considerations within his purview are concerned, even though the activity is not permitted by local zoning. Even if not expressly stated in the director's order, the permit issued is subject to local zoning and remains subject thereto. * * *

"* * * The fact that there is authority under Chapter 3734. through the Environmental Protection Agency to regulate landfill operations or to issue permits therefor does not preempt the field so far as local zoning is concerned. * * *''

We agree with and adopt these propositions of law. The intents of local zoning approval and EPA regulations are distinct but harmonious. The jurisdictional line between the two is drawn by the particular protection each desires to achieve. Only the final result to be reached is different; the final and complete approval of a sanitary landfill stems from the endorsement by both authorities.

However, certain questions demand the action of both EPA and the local zoning authority, since there are possible environmental as well as zoning issues to be decided. Therefore, evidence of conditions having this dual concern can be presented so long as the evidence relates to legiti-

mate zoning issues such as health, welfare and safety. Such testimony was taken by the lower court and we find no jurisdictional infringement into any area reserved solely to EPA determination by reason of its unique character.

Besides questioning the jurisdictional purview of the trial court, appellants argue the denial of the variances by the board, as well as the lower court, was not based upon substantial, reliable and probative evidence. In analyzing this assertion, we note that the issuance of a variance must be based upon evidence demonstrating that a literal application of zoning regulations on a specific parcel of property would result in an unnecessary hardship unique to that property, and that the granting of a variance would serve the spirit of the zoning regulations. 58 Ohio Jurisprudence 2d 612, 615, Zoning, Sections 157, 159. The burden of demonstrating these conditions rests upon the applicant. The final decision rests upon the sound discretion of the board of zoning appeals. (Annotation, 168 A. L. R 8, 113.) On review, the Common Pleas Court considers the reasonableness of such a decision. See, *Mentor Lagoons, Inc.* v. *Board* (1958), 168 Ohio St. 113; *In re Appeal of McDonald* (1963), 119 Ohio App. 15.

In the hearing before the board of zoning appeals, the appellants, as property owners, essentially testified that the property was suitable for a sanitary landfill and that such a use is the property's best use. However, this evidence fails to carry the appellants' burden. In *Fox* v. *Johnson* (1971), 28 Ohio App. 2d 175, 181, it was stated.

" 'An owner does not suffer hardship sufficient to warrant the granting of a variance simply because his land would be more valuable or yield more profits if the variance were granted.

" ' Zoning regulations impose hardship sufficient to support the granting of a variance, if the only permitted uses are not economically feasible. Unnecessary hardship exists where an existing and legal use cannot efficiently be continued because of insufficient parking facilities, or because of the size or shape of a lot, or the placement of an existing building.' "

A variance cannot be granted without proof that a

zoning regulation imposes an unnecessary hardship on the property owners. *Damitz* v. *Bath Township Board of Zoning Appeals*, unreported, Ninth Appellate District, No. 7947, decided March 17, 1976.

On various grounds, appellants complain of the trial court's use of certain evidence in affirming the denial of the variance. They say the evidence, particularly that relating to EPA standards, cannot be considered in regard to the zoning board's refusal to grant the variance requested. We find that no unnecessary hardship was demonstrated by the appellants' evidence. Thus, the evidence admitted and pertaining to EPA standards is, in effect, surplusage and not prejudicial. Therefore, we need not consider the lower court's use of the EPA's "new minimum standards."

Upon a review of the Columbia Township Zoning resolution, the lower court found that the "Zoning Board of Appeals" was without authority to grant a variance since such an action would constitute an amendment of zoned uses. The statement of "authority" as used by the lower court does not refer to the general statutory power of the board of zoning appeals to grant a variance, but refers only to the propriety of exercising this power under the instant circumstances. Factually, without an unecessary hardship a variance is unattainable. Consequently, the suggested route of further zoning proceedings can only constitute non-prejudicial dicta.

Therefore, we find no reversible error in any of the argument raised in the first assignment.

The second assignment of error alleges that the trial court erred in the taking of additional evidence on review of the case. Statutorily, R. C. 2506.03 permits the lower court to supplement the transcript of the board of zoning appeals to cure certain deficiencies. One such deficiency is when the testimony was not given under oath before the board of zoning appeals. R. C. 2506.03(C).

Upon a review of the transcript taken by the board, we find testimony not taken under oath. Nevertheless, the question of whether the additional evidence qualified as an accepted exception or constitutes error is moot. Once

again, without the demonstration of a proper hardship permitting a variance by the appellants, any additional evidence is unnecessary and non-prejudicial surplusage. Therefore, we overrule this assignment of error and affirm the judgment.

*Judgment affirmed.*

MAHONEY, P. J., and VICTOR, J., concur.