DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Chafe Towing, LLC, appeals the judgment of the Summit County Court of Common Pleas upholding the decision of the Springfield Township Board of Zoning Appeals ("Board") denying Appellant a use variance. We affirm.
Appellant applied to the Board for a use variance to permit it to operate a towing business with a storage and impound lot on a parcel of property that was zoned as a community commercial district. The Board denied Appellant's request. Appellant appealed, and on April 19, 2001, a magistrate affirmed the Board's decision. Thereafter, on May 31, 2001, the trial court adopted the magistrate's decision and affirmed the denial of the variance. Appellant timely appealed raising two assignments of error, which have been consolidated for ease of review.
assignment of error i
 The trial court's affirmance of the decision of the [Board] was unsupported by a preponderance of substantial, reliable and probative evidence[.]
assignment of error ii
 The trial court abused its discretion by failing to reverse the decision by the [Board.]
 In its assignments of error, Appellant contends that the trial court's determination was not supported by a preponderance of substantial, reliable, and probative evidence, and consequently, the trial court abused its discretion in affirming the Board's decision. Appellant's contentions are not well taken.
A "use" variance authorizes land to be used for "purposes other than those permitted in the [zoning] district as prescribed in the relevant regulation." Schomaeker v. First Nat'l Bank (1981), 66 Ohio St.2d 304,306. A township board of zoning appeals maintains wide latitude in deciding whether to grant or deny a variance. Id. Additionally, a township board of zoning appeals may:
 Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantial justice done[.]
 R.C. 519.14(B). In making its determination to grant or deny a variance, the board of zoning appeals must determine whether enforcement of the resolution will cause the property owner an unnecessary hardship. Set Products, Inc. v. Bainbridge Twp. Bd. of Zoning Appeals (1987), 31 Ohio St.3d 260, 263. "Unnecessary hardship" results when it is not economically feasible to put the property to a permitted use under its present zoning classification due to characteristics unique to the property. Hulligan v. Bd. of Zoning Appeals (1978), 59 Ohio App.2d 105, 109, quoting Fox v. Johnson (1971), 28 Ohio App.2d 175, 181. Merely stating that the land would be more valuable with the variance, or less valuable without it, does not amount to a sufficient "hardship." Id. Rather, evidence must be presented to show that the property is unsuitable to any of the permitted uses as zoned. See Cole v. Bd. of Zoning Appeals (1973), 39 Ohio App.2d 177, 183-84. Furthermore, a hardship is not considered "unnecessary" if the landowners imposed the hardship upon themselves. Consol. Mgmt., Inc. v. Cleveland
(1983), 6 Ohio St.3d 238, 242.
Reviewing courts must presume the validity of a board's decision to deny a zoning variance application. C. Miller Chevrolet v. WilloughbyHills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus. Therefore, the party challenging the board's decision carries the burden of demonstrating the invalidity of the decision. Id. When reviewing an administrative decision, the trial court acts in a "limited appellate capacity." Univ. Hosp., Univ. of Cincinnati College of Medicine v. StateEmp. Relations Bd. (1992), 63 Ohio St.3d 339, 343. As such, if the trial court finds a preponderance of reliable, probative, and substantial evidence to support the administrative decision, it must affirm.Dudukovich v. Housing Authority (1979), 58 Ohio St.2d 202, 207.
An appellate court's review of an administrative appeal is even more restrictive. As this court has previously stated, an appellate court "has a limited function, which does not involve a determination as to the weight of the evidence." Baire v. Bd. of Ed. of the William R. BurtonVoc. Ctr. Schools (Apr. 12, 2000), Lorain App. No. 99CA007293, unreported, at 6, quoting In re Annexation of 1,544.61 (1984),14 Ohio App.3d 231, 233. Instead, an appellate court's review examines whether the trial court abused its discretion. Id. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
In the present case, Appellant argues that the Board should have granted the variance. Specifically, Appellant avers that (1) its towing business with a storage and impound lot is not contrary to the zoning restrictions; and (2) the Board granted an adjacent lot owner a conditional use permit to operate a towing business; therefore, Appellant should be afforded the same treatment.
The record indicates that the land was not zoned for a towing business with a storage and impound lot. Susan Poda, Zoning Inspector, stated that "what [Appellant] is doing there does not fit in with the [community commercial district] zoning." Poda explained that Appellant's request would only be permitted in an industrial district. Poda further stated that she informed Appellant, when it moved onto the property, that it could only use the property as an office. Additionally, Poda issued a stop work order, which reiterated to Appellant that it was violating the zoning regulation. We note that the record is devoid of evidence supporting Appellant's contention that the property was zoned for a towing business with a storage and impound lot.
Appellant alleges that it originally sought a conditional use permit to obtain permission to operate its towing business with a storage and impound lot; however, the Board instructed Appellant that it must apply for a variance. Appellant believes that the Board should have allowed Appellant to apply for a conditional use permit or, alternatively, the Board should have granted the variance due to the similarities between Appellant's business and an adjacent lot owner's business.
We have already determined that Appellant's request constituted an unpermitted use. Although the Board had previously granted an adjacent lot owner a conditional use permit, that was not the proper method to allow an unpermitted use. The record indicates that the appropriate method to include an unpermitted use in a zoning certificate is through an application for a variance from the zoning resolution, not a conditional use permit. Consequently, we cannot say that the Board acted erroneously by following the proper requirements, and it is not required to perpetuate an error. See High v. Howard (1992), 64 Ohio St.3d 82, 88
(Resnick, J., dissenting) (stating that it is preferable to acknowledge deficiencies in prior decisions than perpetuating error merely for consistency).
Although Appellant's neighbor conducted a similar business, the surrounding circumstances were not identical. In particular, Appellant stored heavy equipment on the property, had a smaller storage area on the property, and operated a separate concrete business on the property. Thus, Appellant's situation cannot be likened to its neighbor's situation, and therefore, does not require the same result.
We further note that Appellant has failed to identify an unnecessary hardship that it has endured as a result of the denial of the variance. Thus, we cannot say that the trial court abused its discretion in upholding the Board's decision to deny the variance. Accordingly, Appellant's first and second assignments of error are overruled.
Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the, County of, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to.
Exceptions.
BAIRD, P.J., CARR, J. CONCUR.