[Cite as *Buckley v. Solon*, 2011-Ohio-3468.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 95805

---

## MITCHELL BUCKLEY

PLAINTIFF-APPELLANT

vs.

## CITY OF SOLON, ET AL.

DEFENDANTS-APPELLEES

---

JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-711706

**BEFORE:**    Kilbane, A.J., Blackmon, J., and Cooney, J.

**RELEASED AND JOURNALIZED:**    July 14, 2011

ATTORNEY FOR APPELLANT

Richard A. F. Mendelsohn
32790 Ledge Hill Drive
Solon, Ohio 44139

ATTORNEYS FOR APPELLEES

Shana A. Samson
Rademaker, Matty, McClelland & Greve
55 Public Square
Suite 1775
Cleveland, Ohio 44113

Todd D. Cipollo
Todd D. Cipollo Co., L.P.A.
33977 Chardon Road
Suite 100
Willoughby Hills, Ohio 44094

Thomas G. Lobe
Thomas G. Lobe Co., L.P.A.
614 West Superior Avenue
Suite 1300
Cleveland, Ohio   44113

MARY EILEEN KILBANE, A.J.:

{¶ 1} Plaintiff-appellant, Mitchell Buckley (Buckley), appeals the trial court's judgment affirming the decision of defendants-appellees, the city of Solon, the Solon Planning Commission, and the Solon Board of Zoning Appeals (collectively referred to as "City"), to deny Buckley's variance requests. Finding no merit to the appeal, we affirm.

{¶ 2} Buckley testified that he built a "tree house" (referred to as "second accessory structure") in the backyard of his home located on Pettibone Road in Solon, Ohio, in 1999. Buckley added a base to this second accessory structure in 2006. Buckley claims the base was added for structural support. The second accessory structure is 16 feet high, with doors on the first and second levels, and a pulley for hoisting objects to the top level. He uses the second accessory structure to store his son's camping equipment. Buckley also has another storage structure in his backyard that was built in approximately 1977, which he uses to store firewood.

{¶ 3} In July 2009, Buckley filed an application with the Solon Planning Commission, seeking a variance to "allow [the second accessory structure] to stay intact" in addition to the other storage structure in his

backyard. Buckley sought a variance from Solon Codified Ordinance 1287.06(1)(B) and (1)(B)(3), which provide in pertinent part:

> "1. **The following Accessory Structures and uses shall be permitted within residential zoning districts subject to the requirements specified herein, and provided that the total area of such uses does not exceed twenty-five percent (25%) coverage of the rear yard area of the lot: * * * B. STORAGE BUILDINGS * * * AND SIMILAR STRUCTURES – In addition to one (1) detached garage, one (1) accessory storage building, * * * or similar structure shall be permitted on a lot subject to the following requirements: * * * 3. MAXIMUM HEIGHT – Detached storage buildings * * * and similar structures shall not exceed twelve (12) feet in height above the existing grade.**"

{¶ 4} On August 11, 2009, the City conducted a hearing on Buckley's variance requests. Buckley testified that the second accessory structure was built in 1999, and the base was added in 2006. He testified that the top portion of the second accessory structure was used for storage. Specifically, his son's Boy Scout equipment. He also testified about the sentimental value of the second accessory structure. The City considered Buckley's "tree house" as a storage structure. In an effort to resolve the matter, the application was tabled in order to give Buckley the opportunity to discuss the issue with his neighbors and the Solon Planning Department.

{¶ 5} On August 25, 2009, the matter was heard again by the City. The Planning Director indicated that he met with Buckley and the parties and they were unable to resolve their issues. The City then denied

Buckley's variance requests. Buckley appealed the denial to Solon City Council, which met with Buckley in October 2009. City Council requested that Buckley meet again with the Planning Director and neighbors to reach a compromise. At the November 2009 meeting, the parties were still unable to resolve the matter. The Planning Director testified that Buckley failed to obtain a permit when he originally built the second accessory structure. The Planning Director further testified that in 1999, Solon Codified Ordinance 1287.06(1)(B) and (1)(B)(3), permitted only one accessory building up to 12 feet on residential property. The City denied Buckley's application.

{¶ 6} Then in December 2009, Buckley filed an administrative appeal pursuant to R.C. Chapter 2506, challenging the City's denial of his variance requests. The common pleas court affirmed the City's decision, finding that it was supported by the preponderance of substantial, reliable, and probative evidence. The trial court stated in pertinent part:

> **"There is no evidence in the record that Solon deviated from the appropriate standard in determining whether * * * Buckley was entitled to a variance for the accessory structures located on his property. Based on the evidence before it, the Solon City Council correctly determined that * * * Buckley was not entitled to a variance in accordance with Section 1290.01(b) of the Solon Code."**

{¶ 7} It is from this order that Buckley now appeals, raising the following six assignments of error for review.

## ASSIGNMENT OF ERROR ONE

"The trial court erred when it declined to grant any of [Buckley's] requests to expand the record where: (1) [Buckley] raised both constitutional and factual issues that were not sufficiently covered by the existing record; (2) where there were items missing from the record; and (3) where no conclusions of fact were filed with the record."

## ASSIGNMENT OF ERROR TWO

"The trial court erred in not finding that the property was protected as a non-conforming use."

## ASSIGNMENT OF ERROR THREE

"The trial court erred in finding that [the City] correctly applied the practical difficulty test * * * were the matter cited by the [City] was a change in use of [the 'tree house'] thereby creating a use variance requiring application of the test of undue hardship[.]"

## ASSIGNMENT OF ERROR FOUR

"The trial court erred in finding [the City's] application of the zoning provisions to [Buckley's] property was constitutional[.]"

## ASSIGNMENT OF ERROR FIVE

"The trial court [erred] when it found the actions of [the City] were [a] lawful application of the zoning provisions despite evidence that the enforcement in this case was primarily addressed at the exterior condition of [Buckley's] property and therefore constitutes an impermissible reliance on aesthetics."

ASSIGNMENT OF ERROR SIX

"The trial court erred in finding that the decisions by the planning commission and council [were] supported by a preponderance of substantial, reliable, and probative evidence on the whole record and was not unconstitutional, illegal, arbitrary, capricious, [or] unreasonable."

Standard of Review

{¶ 8}  In *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 2000-Ohio-493, 735 N.E.2d 433, the Ohio Supreme Court distinguished the standard of review to be applied by common pleas courts and appellate courts in R.C. Chapter 2506 administrative appeals.  The *Henley* court stated:

> "The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence.
>
> The standard of review to be applied by the court of appeals in an R.C. 2506.04 appeal is '*more limited* in scope.' (Emphasis added.)  'This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'  'It is incumbent on the trial court to examine the evidence.  Such is not the charge of the appellate court. * * * The fact that the court of appeals, or this court,

**might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.'" (Citations omitted.) Id. at 147.**

{¶ 9} Thus, this court will review the judgment of the trial court only to determine if the lower court abused its discretion in finding that the administrative order was supported by reliable, probative, and substantial evidence. See *Wolstein v. Pepper Pike City Council*, 156 Ohio App.3d 20, 2004-Ohio-361, 804 N.E.2d 75, ¶21-22. An abuse of discretion "'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.

Requests to Expand the Record

{¶ 10} In the first assignment of error, Buckley argues the trial court erred when it denied his requests to expand the record because: (1) his constitutional claims were not sufficiently addressed in the record; (2) documents are missing from the record; and (3) the transcript prepared by the City failed to contain conclusions of fact. Buckley contends because of time constraints "the issues of: (1) [the] unconstitutionality [of the ordinances] as applied; (2) equal protection; (3) procedural due process; (4) substantive due process; and (5) vagueness due to all the different standards being applied for finding [his] property to be in violation" entitle him to an expansion of the record. He also argues there are gaps in the

record with regard to the "pre-existing non-conforming use" of the second accessory structure. Lastly, he argues the record should have been expanded because the transcript prepared by the City failed to contain conclusions of fact.

{¶ 11} We find the instant case analogous to this court's decision in *Ziss Bros. Constr. Co., Inc. v. Independence Planning Comm.*, Cuyahoga App. No. 90993, 2008-Ohio-6850. In *Ziss*, the appellant (Ziss) like Buckley, argued that the trial court should have granted its request to expand the record. We noted that in an action under R.C. 2506.01, the trial court is confined to the transcript filed by the administrative agency, unless certain exceptions enumerated in R.C. 2506.03 apply. Id. at ¶18-19. Pertinent to *Ziss* and the instant case:

> "(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by [R.C. 2506.01(A)] shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under [R.C. 2506.02] unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
>
> (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.
>
> * * *
>
> (5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.
>
> (B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party." R.C. 2506.03(A)(1), (5), and (B).

{¶ 12} After reviewing the transcript submitted to the trial court, we held that statements made by planning commission members explaining their reasons for denying a zoning application, which were included in the transcript, constituted conclusions of fact.[1] *Ziss* at ¶27. This court found that "the Planning Commission presented detailed findings of fact at the June 6, 2006 hearing as evidenced by the minutes that it provided to Ziss and the public. Each of the Planning Commission members expressed their reasoning for denying Ziss's application, unlike [*Felder v. City Planning Comm. of Pepper Pike* (Apr. 26, 1979), Cuyahoga App. No. 38663]. Thus, it cannot be said that the Planning Commission failed to file findings of fact with the transcript."[2] Id.

{¶ 13} Ziss also argued, like Buckley, that the trial court should have conducted a hearing on the constitutional issues. We noted "'the constitutionality of the ordinance as applied to the property in question can be challenged as part of an appeal under R.C. Chapter 2506.'" Id. at ¶36, quoting *Recreational Facilities, Inc. v. Hambden Twp. Bd. of Trustees* (1995), Geauga App. No. 93-G1819. As such, this court has held that:

> **"'In addressing the constitutionality of properly enacted zoning ordinances, courts must presume their validity. A zoning ordinance will be found**

---

[1]A "conclusion of fact" is an "'inference drawn from subordinate or evidentiary facts.'" *Union Oil Co. of California v. Mayfield Hts. Bd. of Zoning Appeals* (Jan. 15, 1987), Cuyahoga App. No. 52017, quoting Black's Law Dictionary 5th Ed.

[2]In *Felder*, this court "held that the minutes were deficient and failed to satisfy the transcript requirement set forth in R.C. 2506.02 and R.C. 2506.03 because it merely stated '[a]fter presentation and discussion * * *,' and thereafter a vote was taken." *Ziss* at ¶26.

unconstitutional as applied only if its requirements are clearly arbitrary and unreasonable and are unrelated to the public health, safety or general welfare. The burden of proving that a zoning ordinance is unconstitutional is on the person making such an assertion. Further, 'a person wishing to attack an ordinance as unconstitutional * * * may not rely on mere allegations or conclusions of law that the ordinance is not based on health, safety, morals or general welfare, but must introduce competent and relevant evidence to support his position * * *.'" *Bd. of Bldg. and Zoning Appeals of the City of Highland Hts., Ohio v. Grande* (1996), Cuyahoga App. No. 69082. (Internal citations omitted.)" Id. at ¶36.

{¶ 14} In *Ziss*, the trial court denied Ziss's motion for a hearing on constitutional issues because it already reviewed the matter on constitutional grounds under R.C. 2506.04, and thus, it was limited to the transcript and any evidentiary exceptions set forth in R.C. 2506.03. Id. at ¶39. On appeal, we agreed, stating that: "'the mere filing of an affidavit does not automatically quicken the statutory right nor compel the Court of Common Pleas to take additional evidence unless the record will support * * * one of the deficiencies enumerated in the statute * * *.'" Id. at ¶40, quoting *12701 Shaker Blvd. Co. v. City of Cleveland* (1972), 31 Ohio App.2d 199, 211, 287 N.E.2d 814. Furthermore, Ziss did not argue that it was entitled to admit additional evidence pursuant to any exception set forth in R.C. 2506.03. Id. at ¶41.

{¶ 15} In the instant case, Buckley filed a brief in support of expanding the record, a motion to expand the record, a motion for oral hearing, and a brief broadly alleging the unconstitutionality of the ordinances as applied. Buckley's constitutional arguments did not actually challenge the constitutionality of the zoning ordinances, but rather were a factual

challenge. We also note that Buckley did not submit an affidavit with any of these motions.

The trial court denied these motions, stating:

> "Upon consideration of the evidence in the record and arguments of counsel contained in the briefs, the court affirms the decision of [the City] finding that its decision was based on the preponderance of substantial, reliable, and probative evidence, and was not unconstitutional, illegal, arbitrary, capricious, or unreasonable. * * * In addition, throughout the pendency of this administrative appeal, [Buckley] has sought permission from this court to expand the record on appeal. This court has previously denied [Buckley's] request indicating that he failed [to present] sufficient cause pursuant to R.C. 2506.03 to expand the record. Again, the court will deny [Buckley's] request (found in his reply brief) to expand the record as he has not presented sufficient cause pursuant to R.C. 2506.03."

{¶ 16} Just as in *Ziss*, here, the trial denied Buckley's motions for a hearing on constitutional issues because it already reviewed the matter on constitutional grounds under R.C. 2506.04, and thus, it was limited to the transcript and any evidentiary exceptions set forth in R.C. 2506.03. Therefore, we find that the trial court properly denied Buckley's motion for a hearing and his motions to expand the record.

{¶ 17} With regard to the conclusions of fact, a review of the transcript reveals that the City expressed its reasoning for denying Buckley's application. The Planning Director stated that there are two accessory structures on Buckley's property and the height of the second accessory structure exceeds the height allowed by the ordinance by four feet. The Planning Director explained that the denial was "based on the fact that there was no practical difficulty to justify two accessory structures and a height variance." Buckley was given the

opportunity at both August 2009 meetings and the October and November 2009 meetings to explain why he should be permitted to have two accessory structures on his property and why he should be allowed to have an accessory structure exceeding the allowable height by four feet. The City determined that Buckley's references to other properties with more than one accessory structure and sentimental reasons for the second accessory structure were not enough to establish practical difficulties.

{¶ 18} Based on the foregoing, we do not find that the trial court erred when it denied Buckley's requests to expand the record. Furthermore, just as in *Ziss*, we cannot say in the instant case that the City failed to file findings of fact with the transcript. As such, the trial court was not required to hold a hearing.

{¶ 19} Therefore, the first assignment of error is overruled.

## Non-Conforming Use

{¶ 20} In the second assignment of error, Buckley argues that his property should have been protected as a "grandfathered" non-conforming use because the accessory structures were in place prior to the enactment of the Solon Ordinances. In support of his argument, Buckley relies on statements made by the Planning Commissioner that he believed the second accessory structure was built around 1997 because he knew some of the Boy Scout troops involved with the construction of the original structure.

{¶ 21} We note that "[t]he [zoning] board is a public body, and therefore its decision on the application for a variance must be accorded a presumption of validity; the burden of showing that the decision is erroneous rests on the party contesting the decision." *C. Miller Chevrolet, Inc. v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 302, 313 N.E.2d 400, citing *McCauley v. Ash* (1954), 97 Ohio App. 208, 124 N.E.2d 739; 8A McQuillin, Municipal Corporations (3 Ed. [1965]), 424, Section 25.327, 168 A.L.R. 13, 146. Moreover, on appeal, we "review the judgment of the common pleas court only on "questions of law," which does not include the same extensive power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court.'" "'It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court[.]'" (Citations omitted.) *Henley* at 147.

{¶ 22} In the instant case, Buckley failed to provide evidence supporting his contention that the structures were built prior to the enactment of the ordinances. He testified the first structure **was built in approximately 1977 and that he rebuilt the structure in 2003.** Buckley further testified the second accessory structure was built in 1999 and that he added a base to this structure in 2006. The Planning Director testified that the City has required building permits since at least 1993 and that Buckley never obtained a permit for the top portion or the base of the second accessory structure, or the reconstruction of the other storage structure in 2003. The Planning Director also testified that at the time

the second accessory structure was built, only one accessory building was allowed on the property. Based on the foregoing, it is clear that the City considered Buckley's "grandfathered" argument and rejected it.

**{¶ 23}** **Therefore, the second assignment of error is overruled.**

<u>Variance Criteria</u>

**{¶ 24}** In the third assignment of error, Buckley argues the trial court erred in finding that the City correctly applied the practical difficulties test. He claims that he sought a use variance as opposed to an area variance. "A use variance permits land uses for purposes other than those permitted in the district as prescribed in the relevant regulation. An example of a use variance is a commercial use in a residential district. Area variances do not involve uses, but rather structural or lot restrictions. An example of an area variance is relaxation of setback lines or height restrictions." *Schomaeker v. First Natl. Bank of Ottawa* (1981), 66 Ohio St.2d 304, 306-307, 421 N.E.2d 530.[3]

**{¶ 25}** Here, Buckley requested to have two accessory structures on his property and to exceed the height restriction for his second accessory structure. As a result, his requests

---

[3]In making its determination to grant or deny a use variance, the board of zoning appeals must determine whether enforcement of the resolution will cause the property owner an "unnecessary hardship." *Set Prods., Inc. v. Bainbridge Twp. Bd. of Zoning Appeals* (1987), 31 Ohio St.3d 260, 263, 510 N.E.2d 373. "Unnecessary hardship" results when it is not economically feasible to put the property to a permitted use under its present zoning classification due to characteristics unique to the property. *Hulligan v. Columbia Twp. Bd. of Zoning Appeals* (1978), 59 Ohio App.2d 105, 109, 392 N.E.2d 1272, quoting *Fox v. Johnson* (1971), 28 Ohio App.2d 175, 181, 275 N.E.2d 637.

are for area variances. When seeking an area variance, it must be determined whether a property has encountered practical difficulties in the use of the property.

{¶ 26} In *Duncan v. Middlefield* (1986), 23 Ohio St.3d 83, 491 N.E.2d 692, certiorari denied (1986), 479 U.S. 986, 107 S.Ct. 576, 93 L.Ed.2d 579, the Ohio Supreme Court explained the practical difficulties test as follows:

> "[A] property owner encounters 'practical difficulties' whenever an area zoning requirement (*e.g.*, frontage, setback, height) unreasonably deprives him of a permitted use of his property. The key to this standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable. * * * The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (*e.g.*, water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Id. at 86.

{¶ 27} A review of the record in the instant case reveals that Buckley failed to present any evidence of practical difficulty at his meetings with the City. Buckley did not demonstrate a special condition or circumstance that exists on his property, and there was no evidence indicating that the house without the second accessory structure will not yield a

reasonable return on his investment in the property. Buckley testified that he uses the second accessory to store his son's camping equipment. However, he has another accessory structure in his backyard that he uses for storage. Furthermore, the members of the Planning Commission noted that the second accessory structure is visible from the neighbor's house and the street.

{¶ 28} The City's position was that Buckley used the second accessory structure as another storage facility, rather than a "tree house." The City noted that the second accessory structure has a hoist to carry items to the top level. While Buckley did state that the second accessory structure has sentimental value, this is not evidence of practical difficulty. The City explained "the denial was based on the fact that there was no practical difficulty to justify two accessory structures and a height variance." Lastly, the variances Buckley seeks are inconsistent with the spirit and intent of the zoning code, which is to limit the amount and size of storage structures on the property.

{¶ 29} Based on the foregoing, we find that the trial court correctly applied the practical difficulties test.

{¶ 30} Accordingly, the third assignment of error is overruled.

Constitutionality of Zoning Ordinances

{¶ 31} In the fourth assignment of error, Buckley argues the trial court erred when it found the City's application of the zoning provisions to his property was constitutional. He

claims his due process rights were violated because the ordinances as applied to his property do not bear a reasonable relationship to a legitimate public purpose and are not a valid use of police powers.

{¶ 32} In *Brown v. Cleveland* (1981), 66 Ohio St.2d 93, 95, 420 N.E.2d 103, the Ohio Supreme Court stated that: "zoning ordinances which are enacted pursuant to a municipality's police powers are presumed valid until the contrary is clearly shown by the party attacking the ordinance."

{¶ 33} In the instant case, Buckley failed to demonstrate that the ordinances are unconstitutional. He claims his property is constitutionally protected as pre-existing non-conforming use. However, Buckley has not established that the structures qualify as pre-existing non-conforming use. The ordinances were enacted to limit the amount and size of storage structures on residential property. Therefore, we cannot say that the City exercised its power in an arbitrary and unreasonable manner and its decision has no substantial relation to the public health, safety, morals, or general welfare. *Jaylin Invests., Inc. v. Moreland Hills*, 107 Ohio St.3d 339, 2006-Ohio-4, 839 N.E.2d 903, ¶10, citing *Euclid v. Ambler Realty Co.* (1926), 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303.

{¶ 34} Accordingly, the fourth assignment of error is overruled.

Reliance on Aesthetics

{¶ 35} In the fifth assignment of error, Buckley argues that the City improperly relied on aesthetics when denying his variance requests. He claims that the City based its decision primarily on aesthetic reasons and, as such, improperly used its police power.[4] In support of his argument, he relies on *Hudson v. Albrecht, Inc.* (1984), 9 Ohio St.3d 69, 458 N.E.2d 852, where the Ohio Supreme Court held that: "[t]here is a legitimate governmental interest in maintaining the aesthetics of the community and, as such, aesthetic considerations may be taken into account by the legislative body in enacting zoning legislation." Id. at paragraph one of the syllabus.

{¶ 36} As previously discussed, zoning ordinances are presumed to be constitutional "until the contrary is clearly shown by the party attacking the ordinance." *Brown* at 95. A zoning ordinance will not be disturbed unless it is shown that the action taken by the municipality in denying the property owner the unrestricted use of his property is arbitrary, capricious, and bears no reasonable relationship to health, safety, morals, or general welfare. *Ambler Realty* at 395.

{¶ 37} In the instant case, Buckley failed to demonstrate that the City's decision was arbitrary and capricious and bears no reasonable relationship to health, safety, morals, or general welfare of the municipality. The ordinances limit accessory structures to one per

---

[4]We note that "the principal argument generally voiced against [such] ordinances * * * is that the ordinance is not based on the health, safety, morals or general welfare of the community but that its primary objective is one of aesthetic considerations and this renders the ordinance

property and twelve feet in height. The City's primary concern was that Buckley used the second accessory structure as a storage facility rather than a "tree house." Therefore, we find Buckley's argument unpersuasive.

{¶ 38} Accordingly, the fifth assignment of error is overruled.

Preponderance of Evidence

{¶ 39} In the sixth assignment of error, Buckley argues that the City's decision to deny his application was arbitrary, capricious, and unreasonable because the record was deficient. He claims there are problems with the "nature of the 'evidence' included, gaps, and the absence of conclusions of fact."

{¶ 40} As previously stated, in an action under R.C. 2506.01 the trial court is "confined to the transcript" filed by the administrative agency, unless certain exceptions apply. R.C. 2506.03(A). The transcript consists of "all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the * * * decision." See R.C. 2506.02. "'If [the] transcript is deficient or incomplete, R.C. 2506.03 provides for the trial court to conduct an evidentiary hearing to "fill in the gaps."'" *Manlou v. Cleveland Civ. Serv. Comm.*, Cuyahoga App. No. 83214, 2004-Ohio-1112, ¶11, quoting *Stein v. Geauga Cty. Bd. of Health*, Geauga App. No. 2002-G-2439, 2003-Ohio-2104.

---

unconstitutional." *Pepper Pike v. Landskroner* (1977), 53 Ohio App.2d 63, 69, 371 N.E.2d 579.

{¶ 41} In the instant case, there is no reason to "fill in the gaps" because the transcript is complete. There is no dispute that Buckley has two accessory structures on his property and that the second accessory structure exceeds the height limit by four feet. He testified that he used the second accessory structure to store his son's belongings. Furthermore, members of the Planning Commission believed the second accessory structure was used as storage. The second accessory structure had a hoist, which indicated that heavy items might be lifted to the top level of this structure. The City gave Buckley several opportunities to resolve the situation with the Planning Director and neighbors. The City also gave Buckley numerous opportunities to present his case. In response, Buckley maintained the second accessory structure had sentimental value and questioned the City about structures on neighboring properties. The City explained that the denial was "based on the fact that there was no practical difficulty to justify two accessory structures and a height variance."

{¶ 42} Based on the foregoing, we find the trial court's judgment affirming the City's decision to deny Buckley's variance requests was supported by a preponderance of reliable, probative, and substantial evidence.

{¶ 43} Accordingly, the sixth assignment of error is overruled.

Judgment is affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

PATRICIA A. BLACKMON, J., and
COLLEEN CONWAY COONEY, J., CONCUR