[Cite as *Shamockery, L.L.C. v. Olmsted Twp. Bd. of Zoning Appeals*, 2014-Ohio-3422.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100858**

**SHAMOCKERY L.L.C.**

PLAINTIFF-APPELLANT

vs.

**OLMSTED TOWNSHIP BOARD
OF ZONING APPEALS, ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED; REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-13-802994

**BEFORE:** Kilbane, J., Boyle, A.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

**ATTORNEYS FOR APPELLANT**

Randolph E. Digges III
David E. Spaw
4244 Plumwood Drive
North Olmsted, Ohio 44070

**ATTORNEYS FOR APPELLEES**

Timothy J. McGinty
Cuyahoga County Prosecutor
Dale F. Pelsozy
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Plaintiff-appellant, Shamockery L.L.C. ("Shamockery"), appeals from the trial court's order affirming the denial of its request for a zoning certificate to use a parcel for beekeeping. In its order, the trial court concluded that the decision of the Olmsted Township Board of Zoning Appeals ("BZA") was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence because the parcel was excavated as a water retention basin and handles drainage for several areas in order to prevent flooding. Since the trial court's decision is supported by a preponderance of reliable, probative, and substantial evidence, we affirm the trial court's decision, but we remand for the trial court to consider whether a compensable taking has occurred.

{¶2} Shamockery purchased the subject parcel, situated in Olmsted Township ("the Township"), permanent parcel No. 263-10-108, at a forfeited land sale on March 25, 2009, for the sum of $500.[1] On November 9, 2012, Shamockery filed an application for a zoning certificate in order to use the parcel for beekeeping. On November 26, 2012, the Township denied the application because the parcel does not have sufficient frontage, parking, or access drives; bee hives are an

---

[1]It is not clear from the record as to whether the Township was notified of the sale in connection with any land reutilization provisions.

accessory building that are not permitted until a principal structure is complete; and beekeeping is a nonconforming use of the property.

{¶3} Shamockery appealed to the BZA. Shamockery asserted that it has an absolute right to use the parcel as requested because beekeeping is an agricultural pursuit under R.C. 519.21(A), and the area of the parcel exceeds one acre. The BZA held a public hearing on the matter on January 16, 2013.

{¶4} The evidence indicates that in 1988, during the construction of the Bradford's Gate Subdivision, the area was designated a storm water retention basin. The Township's final plat approval for the subdivision set forth the following condition:

> That we receive a written statement from the developer that Shore West Construction Company owns and intends to maintain the retention basin and fencing surrounding the retention basin[.]

{¶5} In response, Shore West submitted a letter to the Planning Commission that stated:

> Please allow this letter to confirm the fact that we own the storm water retention basin in the above-captioned subdivision. As per our discussion at the Executive Committee Meeting, we will maintain the basin and fencing, at least on an interim basis, until the Township and County have reached agreement concerning maintenance.

{¶6} In addition, when the plat for the subdivision was recorded in 1996, a portion was purchased by an individual, Robert Barnes, a portion was referenced as a retention area, and the remainder was eventually sold to Shamockery at a forfeited

land sale in 2009.[2]  At the BZA hearing, residents stated that the area was created as a dry catch basin, and it is undisputed that it contains an eight-inch drain pipe. According to numerous witnesses, the area floods several times a year.  Over the years, the drain pipe has been maintained by various governmental entities to prevent the flooding of nearby basements.  Any disruption of the drainage facility would have an immediate impact on flooding.  According to another individual, Shamockery should have obtained a survey, and had it done so, drainage courses from the adjoining areas would have been evident.

{¶7}  In opposition, Shamockery's counsel stated that the parcel is not part of a platted subdivision, and there are no recorded easements over the property. He argued that the Township would have to acquire an easement or obtain the parcel by eminent domain in order to use it as a dry catch basin for the adjoining areas.

{¶8}  The BZA denied the zoning certificate, and Shamockery appealed to the court of common pleas.  In a four-page opinion, the trial court affirmed the denial.  In relevant part, the court held:

> The record from the hearing reflects that the intended use of the Property, dating back many years, was as a water retention basin for the

---

[2]One individual opined that the developer failed to pay taxes on the parcel so the property was forfeited.

adjoining subdivisions. (See Record at 9, 10, 12, 13, 14, 15, 19, 30) The basin handles the drainage for several areas in order to prevent flooding the Township and Olmsted Falls. (See Record at 29, 30) The record further reflects that the Property was excavated as a retention basin and was approved by the sanitary engineer as such. (See Record at 11) Furthermore, the record reflects that the Township has openly maintained this Property for retention purposes and continues to do so. (See Record at 13, 14, 15, 16, and 27; see also Merit Brief of Appellant at 6 and Reply Brief of Appellee at 2)

* * *

After carefully weighing the evidence in the record, and a review of the brief and arguments filed on behalf of the Appellant and the Appellee, the Court finds that the Board's decision is not unconstitutional, illegal, arbitrary, capricious, or unreasonable. Moreover, the Court finds that there exists a preponderance of reliable, probative and substantial evidence to support the Board's decision. Therefore, the Board's decision is hereby affirmed.

{¶9} Shamockery appeals and assigns the following errors for our review:

### Assignment of Error One

Olmsted Township has no power whatsoever to prohibit Shamockery LLC from using permanent parcel no. 263-10-108 for agricultural purposes.

Assignment of Error Two

The final order, adjudication or decision of the Olmsted Township Board of Zoning Appeals and the judgment of the Cuyahoga County Court of Common Pleas from which this appeal is taken deprives Shamockery LLC of property rights in permanent parcel no. 263-10-108 without due process of law and without just compensation in violation of the Fifth Amendment of the U.S. Constitution.

Standard of Review

{¶10} In R.C. Chapter 2506 administrative appeals to the court of common pleas, the court must consider the whole record, including any new or additional evidence admitted under R.C. 2506.03, and determine whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *Henley v. Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 2000-Ohio-493, 735 N.E.2d 433.

{¶11} This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on "questions of law," and the court of appeals does not have the power to weigh "the preponderance of substantial, reliable and probative evidence," as is granted to the common pleas court. *Id*. The fact that the court of appeals might have arrived at a different

conclusion than the administrative agency is immaterial. *Id.* Accordingly, when reviewing a common pleas court order that determined an appeal from an administrative agency, the appellate court must affirm the trial court unless that court's decision is not supported by a preponderance of reliable, probative, and substantial evidence. *Russell v. Pub. Health, Hous. Appeals Dept.*, 142 Ohio App.3d 430, 432, 756 N.E.2d 118 (9th Dist.2001). (Citations omitted.) In making this determination, this court applies the abuse of discretion standard. *Henley* at 148; *Disanto Ents. v. Olmsted Twp.*, 8th Dist. Cuyahoga No. 90728, 2008-Ohio-6949, ¶ 11.

{¶12} We additionally note, with regard to the substantive law, that zoning ordinances enacted pursuant to the police powers of a municipality are presumed valid until the contrary is clearly demonstrated, and the party challenging a legislative enactment bears the burden of demonstrating its unconstitutionality. *Dome Energicorp v. Zoning Bd. of Appeals*, 8th Dist. Cuyahoga No. 50554, 1986 Ohio App. LEXIS 7523, *2-3 (July 10, 1986), citing *Mayfield-Dorsch, Inc. v. S. Euclid*, 68 Ohio St.2d 156, 429 N.E.2d 159 (1981), and *Hilton v. Toledo*, 62 Ohio St.2d 394, 396, 405 N.E.2d 1047 (1980).

{¶13} R.C. 519.02 grants townships local zoning authority. "'Such authority is a grant of police power for local determinations concerned with land use and planning * * *. All such exercise of this police power is for the purpose of

insuring the health, welfare and safety of the local communities.'" *Dome Energicorp,* quoting *Hulligan v. Bd. of Zoning Appeals*, 59 Ohio App.2d 105, 107, 392 N.E.2d 1272 (9th Dist.1978). However, since the object of the police power is the public health, safety and general welfare, its exercise must bear a substantial relationship to that object and must not be unreasonable or arbitrary in order to be valid. *Dome Energicorp,* quoting *Cincinnati v. Correll*, 141 Ohio St. 535, 539, 49 N.E.2d 412 (1943), paragraph one of the syllabus.

{¶14} Permitted uses are those allowed as of right, provided the landowner meets all other requirements, e.g., building code requirements. *Byers DiPaola Castle, LLC v. Ravenna City Planning Comm.,* 11th Dist. Portage No. 2010-P-0063, 2011-Ohio-6095, ¶ 26. Conditional uses (also known as special exceptions) are also allowed in the zoning code, but they are uses that may have a significant impact and thus require an administrative hearing for approval. *Id.*, quoting *Kipp v. Bd. of Zoning Appeals of Stonelick Twp.*, 12th Dist. Clermont No. CA2003-10-086, 2004-Ohio-5903, at ¶ 10.

{¶15} In this matter, the trial court concluded that the administrative order was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. The court noted, as stated earlier:

The record from the hearing reflects that the intended use of the Property, dating back many years, was as a water retention basin for the adjoining subdivisions. (See Record at 9, 10, 12, 13, 14, 15, 19, 30) The basin handles the drainage for several areas in order to prevent flooding the Township and Olmsted Falls. (See Record at 29, 30) The record further reflects that the Property was excavated as a retention basin and was approved by the sanitary engineer as such. (See Record at 11) Furthermore, the record reflects that the Township has openly maintained this Property for retention purposes and continues to do so. (See Record at 13, 14, 15, 16, and 27; see also Merit Brief of Appellant at 6 and Reply Brief of Appellee at 2)

{¶16} The record supports these conclusions. It is clear from the record that in 1988, during the construction of the Bradford's Gate Subdivision, the area was excavated and dedicated as a storm water retention basin. The Township's final plat approval for the subdivision set forth the condition that the area would be maintained as a retention basin. The developer also gave the Township written confirmation that the area would be maintained as a retention basin. The record also contains substantial, reliable, and probative evidence that the retention basin

has also been continuously used as a retention basin because it is essentially a common area for the surrounding subdivisions, has drainage courses, and contains an eight-inch drainage pipe. The parcel has been maintained by the county engineer and the Township in order to keep it clear of debris to prevent the flooding of the surrounding parcels.

{¶17} Therefore, this court concludes that the trial court's decision is supported by a preponderance of reliable, probative, and substantial evidence, and that the trial court did not abuse its discretion in affirming BZA's decision. *Accord K-Mart Corp. v. Westlake*, 121 Ohio App.3d 630, 700 N.E.2d 659 (8th Dist.1997) (trial court did not err in reaffirming city's rejection of store's plan for development based upon city's requirements for storm water runoff).

{¶18} The first assignment of error is without merit.

Taking of Property

{¶19} Shamockery next asserts that the zoning is a taking without just compensation.

{¶20} Application of land-use regulations to property constitutes a compensable taking if the ordinance does not substantially advance legitimate state interests or denies an owner economically of a viable use of his land. *State ex rel. Shemo v. Mayfield Hts.*, 96 Ohio St.3d 379, 2002-Ohio-4905, 775 N.E.2d 493, ¶ 1;

*First N. Corp. v. Bd. of Zoning Appeals Olmsted Falls*, 8th Dist. Cuyahoga No. 99681, 2014-Ohio-487, ¶ 48.

{¶21} This issue was not decided by the trial court. Since this court acts as a reviewing court, it should not consider this issue for the first time on appeal. Therefore, we remand for the trial court to consider the issue of the taking of property without just compensation. *Clifton v. Blanchester*, 12th Dist. Clinton No. CA2007-09-040, 2008-Ohio-4434, ¶ 14 (remanding for consideration of taking issue). *See generally Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 05CA6, 2005-Ohio-6766, ¶ 22, citing *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360, 1992-Ohio-95, 604 N.E.2d 138; *Padula v. Hall*, 7th Dist. Mahoning No. 03-MA-235, 2004-Ohio-4823, ¶ 24; *Guappone v. Enviro-Cote, Inc.*, 9th Dist. Summit No. 24718, 2009-Ohio-5540, ¶ 13.

{¶22} Accordingly, we agree with the trial court's judgment affirming the BZA's decision; however, we remand for the trial court to consider whether a compensable taking has occurred.

{¶23} It is ordered that appellees and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR